LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE M. HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE
WILLIAM HEWIG III
JEANNE S. McKNIGHT

**KOPELMAN AND PAIGE, P. C.**

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735
—
PITTSFIELD OFFICE
(413) 443-6100
—
NORTHAMPTON OFFICE
(413) 585-8632
—
WORCESTER OFFICE
(508) 752-0203

SC

C

KATHLEEN M O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
MICHELE E. RANDAZZO
THOMAS W. MCENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE
CAROLYN KELLY MACWILLIAM
ANNE C. ROSENBERG
PETER L. MELLO

June 30, 2005

## BY HAND

Civil Clerk
United States District Court
 for the District of Massachusetts
U. S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:    Crystal A. Atherton and Robert W. Atherton v. City of Beverly, William F. Scanlon, Jr.,
       in his official and individual capacity and John Dunn, in his official and individual
       capacity
       United States District Court Docket No. 05-11323MLW

Dear Sir/Madam:

        Enclosed for filing in the above-referenced matter, please find the certified state court
docket entries in this matter.

        Thank you for your attention to this matter.  Please do not hesitate to contact me should
you have any questions.

                                              Very truly yours,

                                              Elizabeth R. Corbo

ERC/man
Enc.
cc:    Mayor (w/ enc.)
       John Dunn (w/o enc.)
       Assistant City Solicitor
       Jordan Shapiro, Esq.

255204/METG/0580

PRINTED ON RECYCLED PAPER

MAS-20041213
anglincy

Case 1:05-cv-11323-MLW   Document 3   Filed 06/30/2005   Page 2 of 55

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/28/2005
02:36 PM

# ESCV2005-00654
## Atherton et al v Beverly et al

| **File Date** | 04/25/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
|---|---|---|---|---|---|
| **Status Date** | 06/28/2005 | **Session** | A - Civil-CtRm 2 -rear (Salem) | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |

| **Service** | 07/24/2005 | **Answer** | 09/22/2005 | **Rule12/19/20** | 09/22/2005 |
|---|---|---|---|---|---|
| **Rule 15** | 09/22/2005 | **Discovery** | 02/19/2006 | **Rule 56** | 03/21/2006 |
| **Final PTC** | 04/20/2006 | **Disposition** 06/19/2006 | | **Jury Trial** | Yes |

**Plaintiff**
Crystal A Atherton
Active 04/25/2005

**Private Counsel 454240**
Jordan L Shapiro
Shapiro & Hender
640 Main Street
Malden, MA 02148
Phone: 781-324-5200
Active 04/25/2005 Notify

**Plaintiff**
Robert W Atherton
Active 04/25/2005

**Defendant**
City of Beverly
Served: 06/09/2005
Served (answr pending) 06/09/2005

**Defendant**
William F Scanlon in his official and individual
capacity
Served: 06/09/2005
Served (answr pending) 06/09/2005

A TRUE COPY ATTEST
DEPUTY ASSISTANT CLERK
Cynthia a Cagla.

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## ESCV2005-00654
## Atherton et al v Beverly et al

| Defendant |
|---|
| John Dunn in his official and individual capacity<br>Served: 06/09/2005<br>Served (answr pending) 06/09/2005 |

| Date | Paper | Text |
|---|---|---|
| 04/25/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 04/25/2005 | | Origin 1, Type B22, Track F. |
| 06/15/2005 | 2.0 | SERVICE RETURNED (summons): John Dunn in his official and individual |
| | | capacity, service made on June 09, 2005 to counsel |
| 06/15/2005 | 3.0 | SERVICE RETURNED (summons): William F Scanlon in his official and |
| | | individual capacity, service made on June 09, 2005 to counsel |
| 06/15/2005 | 4.0 | SERVICE RETURNED (summons): City of Beverly, service made on June 09, |
| | | 2005 to counsel |
| 06/28/2005 | 5.0 | Copy of Petition for Removal to the United States District Court |
| | | filed by City of Beverly, William F Scanlon in his official and |
| | | individual capacity, John Dunn in his official and individual capacity |
| 06/28/2005 | 6.0 | Case REMOVED this date to US District Court of Massachusetts |

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION NO. $5 - 0654$

|  |  |
|---|---|
| CRYSTAL A. ATHERTON<br>and ROBERT W. ATHERTON<br>    Plaintiffs, | )<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| CITY OF BEVERLY, WILLIAM F.<br>SCANLON, JR., in his official and<br>individual capacity and JOHN DUNN,<br>in his official and individual capacity<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) |

COMPLAINT AND
DEMAND FOR TRIAL BY JURY

This is a Complaint for damages, injunctive relief, declaratory judgment, costs, attorney

fees arising out of Defendants' failure to comply with its own ordinances and personnel

regulations regarding removal of Plaintiff Crystal Atherton as a secretary, for the civil rights

violations caused by Defendants' conduct and by Defendants' violations of various statutes

involving the payment of accrued benefits.

### PARTIES

1.     The Plaintiff, Crystal A. Atherton, is an individual residing at 61 Conant Street, Beverly,

Essex County, Massachusetts.

2.     The Plaintiff, Robert W. Atherton, is an individual residing at 61 Conant Street, Beverly,

Essex County, Massachusetts.

3.     The Defendant, City of Beverly, is a municipal corporation and political subdivision of

the Commonwealth of Massachusetts with offices located at 191 Cabot Street, Beverly,

1

A TRUE COPY ATTEST
DEPUTY ASSISTANT CLERK
Cynthia A. Ayli

Essex County, Massachusetts.

4.    The Defendant, William F. Scanlon, Jr., in his individual capacity as well as his official
      capacity as Mayor of the City of Beverly, has an office located at 191 Cabot Street,
      Beverly, Essex County, Massachusetts.

5.    The Defendant, John Dunn, in his individual capacity as well as his official capacity as
      Finance Director of the City of Beverly, has an office located at 191 Cabot Street,
      Beverly, Essex County, Massachusetts.

## GENERAL FACTS

6.    Plaintiff, Crystal Atherton, was a seventeen year employee of the City of Beverly who
      was terminated on or about January 5, 2004. At the time of her termination, Plaintiff,
      Crystal Atherton, was 66 years old.

7.    During her seventeen year tenure as a City of Beverly employee, Plaintiff, Crystal
      Atherton, served in several positions, including the law department paralegal and
      assistant to the Purchasing Director.

8.    In October of 2002, Plaintiff, Crystal Atherton, was assigned to the Mayor's office, by
      Defendant William Scanlon's predecessor, then Mayor Thomas Crean. During this time
      Plaintiff, Crystal Atherton, was also the Clerk to the City of Beverly License Board.

9.    By letter dated December 17, 2003, the Plaintiff, Crystal Atherton, was notified by the
      Defendant, (then Mayor Elect) William Scanlon, that it was his intention to remove her
      from her position as secretary to the Mayor effective January 5, 2004 and thereby
      requested her immediate resignation. A copy of Defendant Scanlon's letter requesting

2

her resignation is attached hereto as Exhibit 1.

10.  In response, by letter dated December 31, 2003, Plaintiff, Crystal Atherton, informed the Defendant, William Scanlon, that she did not wish to leave her employment with the City of Beverly and asked for re-assignment to another position in a different department as an employee for the City of Beverly. A copy of Plaintiff, Crystal Atherton's reply is attached hereto as Exhibit 2.

11.  The Plaintiff, Crystal Atherton, never received a written reply to her request to be reassigned to another department within the City of Beverly.

12.  On January 5, 2004, Plaintiff, Crystal Atherton, received another letter from the defendant, Mayor William Scanlon, formally removing her from the positions of the Mayor's secretary and as Clerk to the Beverly License Board effective immediately. A copy of Defendant Scanlon's formal letter of removal is attached hereto as Exhibit 3.

13.  According to the letter of termination, Plaintiff, Crystal Atherton, was fired by the newly elected Mayor because of a desire to fill the secretarial position "with a person of my own choosing and in whom I have faith and confidence will perform the duties of such position[s] in an exemplary fashion."

14.  After her termination, Complainant properly requested a hearing in accordance with Section 8-15 of the City of Beverly Home Rule Charter. A copy of the Letter from Plaintiff, Crystal Atherton, to Defendant Scanlon dated January 12, 2004 requesting the hearing under Section 8-15 of the Home Rule Charter is attached hereto as Exhibit 4.

15.  Despite the Plaintiff, Crystal Atherton's request, no hearing was conducted in violation of Section 8-15 of the Home Rule Charter. A copy of Section 8-15 of the City of Beverly

3

Home Charter is attached hereto as Exhibit 5.

16.  Despite the Plaintiff, Crystal Atherton's repeated requests to be transferred to another
     department and continue her employment, neither Defendant Scanlon nor the Defendant
     City of Beverly offered Plaintiff, Crystal Atherton, a position with the City of Beverly.

17.  On January 2, 2004, Plaintiff, Crystal Atherton, received her last paycheck, which
     indicated accrued sick time of 1695.75 hours, three personal days and 21.50 hours of
     unused vacation time. A copy of the Plaintiff, Crystal Atherton's last paycheck with the
     City of Beverly is attached hereto as Exhibit 6.

18.  In or around September of 2004, after repeated attempts to secure further employment
     with the City of Beverly, Plaintiff, Crystal Atherton, retired from the City of Beverly.

19.  If Plaintiff, Crystal Atherton, had completed another three years as an employee for the
     City of Beverly, Plaintiff, Crystal Atherton, would have been entitled to take a substantial
     pension. However, due to the fact she was lacking the sufficient number of years in
     service as aforementioned, Plaintiff, Crystal Atherton's pension was considerably less
     that what she would have been entitled to receive after twenty years of employment.

20.  During her various capacities on behalf of the City of Beverly, Plaintiff, Crystal Atherton,
     was never informed that any particular political association, affiliation, or patronage
     would be a requirement for performance of her job.

21.  When Plaintiff, Crystal Atherton, accepted employment with Defendant City of Beverly,
     and during her tenure as Secretary to the Mayor, Plaintiff, Crystal Atherton, understood
     that she would continue to be  employed by the City of Beverly as long as her actual job
     performance was satisfactory.

4

22.    Plaintiff, Crystal Atherton, says that Charter provision 8-15 afforded her a right to a
       hearing and not to be discharged without cause.

23.    Throughout her employment tenure, Plaintiff, Crystal Atherton, performed her job duties
       competently and satisfactorily.

24.    Plaintiff, Crystal Atherton, was never given any warnings by the Defendant or its officers,
       agents, or employees that her work performance was less than satisfactory in any way.

25.    Plaintiff, Crystal Atherton, was not discharged because of unsatisfactory job performance.

26.    Plaintiff, Crystal Atherton, was not discharged because of any specific job-related action
       that she had taken.

27.    Plaintiff, Crystal Atherton, was not discharged because of any specific job-related
       omission that she had failed to take.

28.    Prior to being discharged, and after her discharge, Plaintiff, Crystal Atherton, was: (a) not
       afforded an opportunity to be heard to contest her discharge; (b) not afforded a hearing
       before an impartial tribunal in which to contest or challenge her discharge; (c) not
       afforded any notice of hearing to contest her discharge; (d) not afforded any opportunity
       to confront and cross-examine any accusers and witnesses against her; (e) not afforded
       any opportunity to present evidence in her own behalf to contest her discharge; (f) given
       no identification or specification of any charges against her; (g) provided no written
       findings of fact based on substantial evidence relating to her discharge; (h) given no
       specific grounds for her discharge; (I) given no written statement or statements setting
       forth the specific acts or omissions that are the reasons for her discharge.

29.    Among other written charter provisions and ordinances, the Defendant, City of Beverly

5

duly adopted Section 8-15 titled Removals and Suspensions, which, in pertinent part, requires that "[a]ny employee of the city, not a city officer or a department head ... whether appointed for a fixed or an indefinite term, may be suspended or removed from the office by the appointing authority for good cause."

30.    Section 8-15 provides that within five days of deliver of the intent to remove "the officer or employee of the city may request a public hearing at which such person may be represented by counsel, shall be entitled to present evidence, call witnesses and to question any witness appearing at the hearing."

31.    Section 8-15 further provides that the "*[f]ailure of the appointing authority to take any action within the time periods as stated in this section shall be deemed to be a rescission of the original notice and the officer or employee shall, forthwith, be reinstated.*" (Emphasis added).

32.    Section 3-313 of the City of Beverly Administrative Code, which was never adopted by the City of Beverly City Council, but later adopted as an ordinance in substantially the same form states the following:

(a).    **Establishment** — There shall be a Confidential/Secretary/Administrative Assistant to the Mayor.

(b).    **Mode of Appointment, Term of Office** - The Confidential Secretary/Administrative Assistant to the Mayor shall be appointed by and responsible only to the Mayor. The Confidential Secretary/Administrative Assistant shall serve at the pleasure of the Mayor.

(emphasis in original). A copy of the Section 3-313 of the Administrative Code is

6

attached hereto as Exhibit 7.

33. Nowhere in Section 3-313 is the Mayor exempted from the requirements contained within Section 8-15 of the Beverly Home Rule Charter requiring that a hearing be held and that the failure of the appointing authority to abide by the hearing requirement contained therein would require reinstatement.

34. By the adoption of said personnel policies and ordinances, through the mutual understanding of the parties, Plaintiff, Crystal Atherton, had a legitimate expectation of continued employment entitling her to due process.

35. During the most recent election prior to her termination from employment on behalf of the City of Beverly, Plaintiff, Crystal Atherton, was a vocal and active supporter of the then incumbent, Mayor Thomas M. Crean.

36. The City of Beverly and present Mayor William Scanlon were familiar with Plaintiff, Crystal Atherton's vocal support and campaigning on behalf of Mayor Crean.

37. Plaintiff, Crystal Atherton, was discharged without just cause and for trivial reasons.

38. Defendants, City of Beverly and Scanlon attempted to coerce Plaintiff, Crystal Atherton, into resigning from her employment, by threatening her with discharge if she refused to resign.

39. Plaintiff, Crystal Atherton, was discharged by Defendants, City of Beverly and Scanlon on the basis of her political beliefs, registration, and/or affiliation.

40. Defendant has established and, in terminating Plaintiff, Crystal Atherton, has implemented employment policies and practices which are arbitrary, capricious, discriminatory, and have no rational basis; or, in the alternative, were implemented to

7

avoid paying her full retirement benefits due her in three years.

41.    The intent, motive, purpose, and effect of Defendants', City of Beverly and Scanlon, conduct was to discriminate on the basis of political beliefs, registration, and/or affiliation.

42.    Defendants have subjected Plaintiff, Crystal Atherton, to their unlawful employment policies and practices in a manner depriving Plaintiff, Crystal Atherton, of her rights and privileges secured by the United States Constitution, Massachusetts Declaration of Rights, and the laws of the United States and Commonwealth of Massachusetts.

43.    But for her discharge by the Defendants, City of Beverly and Scanlon, Plaintiff, Crystal Atherton, would have continued her employment with Defendant, City of Beverly. Plaintiff, Crystal Atherton, was happy and content with her employment for the City of Beverly and but for said Defendants' conduct would have completed a career in government service for the City of Beverly.

44.    The conduct of both Defendants, City of Beverly and Scanlon, as described herein was committed intentionally, willfully, maliciously, recklessly, and with gross disregard of Plaintiff, Crystal Atherton's rights.

45.    As a direct and proximate result of Defendants', City of Beverly and Scanlon, conduct, Plaintiff, Crystal Atherton, has been and is presently suffering serious mental and emotional distress, anxiety, ridicule, humiliation, indignity, loss of esteem, embarrassment, loss of civil and constitutional rights, loss of wages and fringe benefits, and loss of future employment prospects.

46.    Plaintiff, Crystal Atherton, has no remedy at law sufficient to redress the deprivation of

her previously mentioned rights. Plaintiff, Crystal Atherton, will suffer irreparable harm unless Defendants are enjoined by this court. The deprivation of Plaintiff, Crystal Atherton's rights is ongoing and can be redressed only by the granting of injunctive relief hereinafter prayed for.

## COUNT I

## (CIVIL RIGHTS VIOLATIONS - CITY OF BEVERLY AND WILLIAM SCANLON)

47.    The Plaintiff, Crystal Atherton, incorporates by reference paragraphs one through forty-six as if each is separately set forth herein.

48.    Defendants City of Beverly and William Scanlon, acting under color of authority vested in them by the Commonwealth of Massachusetts, have terminated Plaintiff, Crystal Atherton's employment without due process of law in violation of the Fourteenth Amendment to the United States Constitution and Title 42 USCA § 1983 as well as the ordinances of the City of Beverly. This claim is predicated on both procedural and substantive due process. This claim arises both directly under Title 42 USCA § 1983 and under the United States Constitution.

WHEREFORE, Plaintiff, Crystal Atherton, prays for an award of compensatory or actual damages, punitive damages, declaratory judgment, permanent injunctive relief, reinstatement, backpay, frontpay and reasonable attorney fees and costs.

9

## COUNT II

## (CIVIL RIGHTS VIOLATIONS - CITY OF BEVERLY AND WILLIAM SCANLON)

49.    The Plaintiff, Crystal Atherton, incorporates by reference paragraphs one through forty-
       eight as if each is separately set forth herein.

50.    Defendants have denied Plaintiff, Crystal Atherton, equal protection of the law in
       violation of the Fourteenth Amendment to the United States Constitution and Title 42
       USCA § 1983. This claim arises both directly under 42 USCA § 1983 and under the
       United States Constitution.

       WHEREFORE, Plaintiff, Crystal Atherton, prays for an award of compensatory or actual

damages, punitive damages, declaratory judgment, permanent injunctive relief, reinstatement,

frontpay, backpay, and reasonable attorney fees and costs.

## COUNT III

## (CIVIL RIGHTS VIOLATIONS - CITY OF BEVERLY AND WILLIAM SCANLON)

51.    The Plaintiff, Crystal Atherton, incorporates by reference paragraphs one through fifty as
       if each is separately set forth herein.

52.    Defendants, City of Beverly and William Scanlon have terminated Plaintiff, Crystal
       Atherton's employment in violation of the First Amendment to the United States
       Constitution and Title 42 USCA § 1983. This claim arises both directly under 42 USCA
       §1983 and under the United States Constitution.

       WHEREFORE, Plaintiff, Crystal Atherton, Crystal Atherton, prays for an award of

compensatory or actual damages, punitive damages, declaratory judgment, permanent injunctive

10

relief, reinstatement, frontpay, backpay, and reasonable attorney fees and costs.

## COUNT IV

### (CIVIL RIGHTS VIOLATIONS - CITY OF BEVERLY AND WILLIAM SCANLON)

53.    The Plaintiff, Crystal Atherton, incorporates by reference paragraphs one through fifty-two as if each is separately set forth herein.

54.    Defendants have terminated Plaintiff, Crystal Atherton's employment in violation of Article 16 of the Declaration of Rights, as amended by art. 77 of the Amendments to the Massachusetts Constitution.

WHEREFORE, Plaintiff, Crystal Atherton, Crystal Atherton, prays for an award of compensatory or actual damages, punitive damages, declaratory judgment, permanent injunctive relief, reinstatement, frontpay, backpay, and reasonable attorney fees and costs.

## COUNT V

### (CIVIL RIGHTS VIOLATIONS - CITY OF BEVERLY AND WILLIAM SCANLON)

55.    The Plaintiff, Crystal Atherton, incorporates by reference paragraphs one through fifty-four as if each is separately set forth herein.

56.    By requesting Plaintiff, Crystal Atherton's resignation, Plaintiff, Crystal Atherton, believes and avers that Defendant Scanlon, and the City of Beverly, threatened, intimidated and coerced Plaintiff, Crystal Atherton, for the exercise of the Plaintiff, Crystal Atherton's state and federal constitutional rights.

57.    By terminating Plaintiff, Crystal Atherton, after she had requested a hearing, Plaintiff,

11

Crystal Atherton, believes and avers that Defendant Scanlon, and the City of Beverly, threatened, intimidated and coerced Plaintiff, Crystal Atherton, for the exercise of the Plaintiff, Crystal Atherton's state and federal constitutional rights.

58. As a result of the wrongful acts as alleged herein, Plaintiff, Crystal Atherton, has sustained severe and substantial damages and injuries in violations of her rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. 1986 and G.L. c. 12, § 11I.

WHEREFORE, Plaintiff, Crystal Atherton, Crystal Atherton, prays for an award of compensatory or actual damages, punitive damages, declaratory judgment, permanent injunctive relief, reinstatement, frontpay, backpay, and reasonable attorney fees and costs.

## COUNT VI

## (CIVIL RIGHTS VIOLATIONS - CITY OF BEVERLY AND WILLIAM SCANLON)

59. The Plaintiff, Crystal Atherton, incorporates by reference paragraphs one through fifty-eight as if each is separately set forth herein.

60. Plaintiff, Crystal Atherton, believes and therefore avers that the treatment towards her by the City of Beverly and William Scanlon, which includes, but is not limited to, the denial of a required hearing and termination, due to Plaintiff, Crystal Atherton's exercise of her rights under the First and Fourteenth Amendments to the United States Constitution, and Part I, Article 16 of the Massachusetts Constitution is in retaliation for the exercise of said rights as alleged herein.

61. As a result of the wrongful acts as alleged herein, Plaintiff, Crystal Atherton, has

12

sustained severe and substantial damages and injuries in violations of her rights under 42

U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. 1986.

WHEREFORE, Plaintiff, Crystal Atherton, Crystal Atherton, prays for an award of

compensatory or actual damages, punitive damages, declaratory judgment, permanent injunctive

relief, reinstatement, frontpay, backpay, and reasonable attorney fees and costs.

## COUNT VII

## (Mass. G.L. c. 151B - CITY OF BEVERLY AND WILLIAM SCANLON)
## (UNLAWFUL DISCRIMINATION ON THE BASIS OF AGE AND GENDER)

62.    The Plaintiff, Crystal Atherton, incorporates by reference paragraphs one through sixty-
       one as if each is separately set forth herein.

63.    Defendant City of Beverly is an employer within the meaning of G.L. c. 151B.

64.    Plaintiff, Crystal Atherton, filed a timely Charge of Discrimination with the
       Massachusetts Commission Against Discrimination (hereinafter "MCAD") on the basis
       of her age and gender (female). A copy of the Plaintiff, Crystal Atherton's timely filed
       Charge of Discrimination in this matter is attached hereto as Exhibit 8.

65.    On or about October 17, 2004, Plaintiff, Crystal Atherton, pursuant to Mass. Gen. Laws,
       Chapter 151B, Section 9, submitted a Motion to Withdraw Her Claim From the
       Massachusetts Commission Against Discrimination For the Purpose of Filing Her Claim
       in the Superior Court, and on October 22, 2004, the MCAD allowed said motion. A copy
       of Plaintiff, Crystal Atherton's Dismissal and Notification of Rights is attached hereto as
       Exhibit 9. On October 22, 2004, the MCAD permitted the Plaintiff, Crystal Atherton, to

13

remove her complaint to the Superior Court.

66.    At all times relevant hereto the Defendant City of Beverly was the employer and the
       Defendant William Scanlon as chief executive officer and supervisor to the Plaintiff,
       Crystal Atherton, and had an obligation to control and supervise its employees, agents
       and officers.

67.    By their conduct as stated herein Defendants, permitted a pattern and practice of unlawful
       discrimination by applying their policies and procedures in a disparate manner, in
       violation of Mass. Gen. Laws c. 151B, § 4.

68.    As a result of Defendants' discriminatory actions noted herein, Plaintiff, Crystal Atherton,
       has suffered harm, including but not limited to the loss of her employment and
       employment related benefits.

69.    The Plaintiff, Crystal Atherton, has exhausted all administrative remedies prior to
       bringing this action.

70.    As a direct and proximate result of the Defendants' actions by and through the City of
       Beverly and William Scanlon, Plaintiff, Crystal Atherton, has suffered harm and
       damages.

       WHEREFORE, Plaintiff, Crystal Atherton, demands judgment against Defendants, City
of Beverly and William Scanlon, for the full and fair value of damages, punitive damages,
together with attorney's fees, interest, costs, and any other relief the Court deems just and
appropriate.

14

## COUNT VIII

## (Mass. G.L. c. 151B - CITY OF BEVERLY AND WILLIAM SCANLON)

## (UNLAWFUL DISCRIMINATION ON THE BASIS OF AGE AND GENDER)

71.    The Plaintiff, Crystal Atherton, incorporates by reference paragraphs one through sixty-nine as if each is separately set forth herein.

72.    On or about December 17, 2003, Plaintiff, Crystal Atherton, Atherton sought a hearing pursuant to Section 8-15 to discuss her removal from the position of Secretary to the Mayor.

73.    Though the hearing contemplated by Section 8-15 of the Beverly Home Rule Charter, is a benefit and term of Plaintiff, Crystal Atherton's employment, both William Scanlon and the City of Beverly refused to hold a hearing as required by Section 8-15.

74.    As a result of Defendants', William Scanlon and City of Beverly, discriminatory actions as stated herein, Plaintiff, Crystal Atherton, has suffered harm, including but not limited to the loss of her employment and other employment related benefits.

75.    The Plaintiff, Crystal Atherton, has exhausted all administrative remedies prior to bringing this action.

76.    As a direct and proximate result of the Defendants' actions, Plaintiff, Crystal Atherton, has suffered harm and damages.

WHEREFORE, Plaintiff, Crystal Atherton, demands judgment against the Defendants, City of Beverly and William Scanlon, for the full and fair value of damages, punitive damages, together with attorney's fees, interest, costs, and any other relief the Court deems just and

15

appropriate.

## COUNT IX

### (G.L. c. 249, § 5 - ACTION IN THE NATURE OF
### MANDAMUS AGAINST ALL NAMED DEFENDANTS)

77.   The Plaintiff, Crystal Atherton, incorporates by reference paragraphs one through sevety-

      six as if each is separately set forth herein.

78.   By enactment of the aforesaid provisions of the Home Rule Charter, and specifically by

      the City of Beverly's adoption of a provision requiring a hearing and reinstatement if the

      procedure is not followed, the named Defendants have no discretion but to reinstate the

      Plaintiff, Crystal Atherton, as the Defendants have not complied with said provisions.

      WHEREFORE, Plaintiff, Crystal Atherton, demands judgment against the Defendants,

City of Beverly, William Scanlon and John Dunn and for an order in the nature of mandamus for

reinstatement in a position as Secretary to the Mayor of the City or a similar or equivalent

position, with the previous benefits, salary, terms and conditions, frontpay, backpay and interest

reinstated.

## COUNT X

## (VIOLATION OF WAGE ACT, G.L. c. 149, § 148

### AGAINST ALL NAMED DEFENDANTS)

79.   The Plaintiff, Crystal Atherton, incorporates by reference paragraphs one through

      seventy-seven as if each is separately set forth herein.

80.   As an employee of the City of Beverly, Plaintiff, Crystal Atherton, accrued sick leave

                                         16

benefits at the rate of two days per month during her tenure as secretary and 1.25 days per month as the Assistant to the Purchasing Director.

81.    Upon Plaintiff, Crystal Atherton's termination, Plaintiff, Crystal Atherton, has accumulated sick leave time in the amount of 1695.75 hours or 242.25 days, one hundred of which Plaintiff, Crystal Atherton, is entitled as sick leave buy back at the rate of $194.12 per day for a total of $19,412.00. By ordinance, Plaintiff, Crystal Atherton, is also entitled to three full weeks of vacation pay at the rate of $194.12 for a total of $2,911.80 and three unused personal days for $582.36.

82.    At the time of Plaintiff, Crystal Atherton's assignment to the Mayor's office on or about September 30, 2002, Plaintiff, Crystal Atherton, worked approximately five hours extra compensatory time per week from September 30, 2002 through January 23, 2003 for a total of 59 hours. Plaintiff, Crystal Atherton, used fourteen hours of the compensatory time prior to her termination entitling her to 45 hours at the rate of $194.12 per day for a total of $1,116.19.

83.    In total, based on the foregoing, Defendant, City of Beverly owes the Plaintiff, Crystal Atherton, $24,022.35 for accrued vacation days, personal days and sick leave buyback.

84.    On or about September 7, 2004, after her formal retirement from the City of Beverly, Plaintiff, Crystal Atherton, demanded the payments stated hereinabove. A copy of the Plaintiff, Crystal Atherton's September 7, 2004 letter is attached hereto as Exhibit 8.

85.    As a result of Plaintiff, Crystal Atherton's demand, Defendant City of Beverly by and through its Finance Director, Defendant John Dunn, on November 7, 2004, denied the Plaintiff, Crystal Atherton's request for sick leave buyback based upon his review of

17

Section 17-47 of the Revised Ordinances of the City of Beverly. A copy of the Finance
Director's letter of denial dated November 7, 2004, is attached hereto as Exhibit 10.

86.    In response to the Finance Director's letter of denial, Plaintiff, Crystal Atherton, filed a
       Non-Payment of Wage Complaint with the Office of the Attorney General for the
       Commonwealth of Massachusetts, notifying the Attorney General of the City of Beverly's
       failure to pay the aforementioned benefits. A copy of Plaintiff, Crystal Atherton's Non-
       Payment of Wage Complaint filed with the Office of the Attorney General is attached
       hereto as Exhibit 11 (redacted to remove Crystal Atherton's Social Security number).

87.    On or about January 14, 2005, the Office Attorney General for the Commonwealth of
       Massachusetts declined to take enforcement action in the matter against the City of
       Beverly. A copy of the letter dated January 14, 2004, from the Office of the Attorney
       General for the Commonwealth of Massachusetts is attached hereto as Exhibit 12.

88.    According to G.L. c. 149, § 150, an aggrieved employee who files a complaint with the
       Attorney General's office, and then waits 90 days, or sooner if the Attorney General
       assents, may bring a civil action for injunctive relief and damages, including treble
       damages for any loss of wages and other benefits.

89.    Pursuant to G. L. c. 149, § 148 "[e]very public officer whose duty it is to pay money,
       approve, audit or verify pay rolls, or perform any other official act relative to payment of
       any public employees, shall be deemed to be an employer of such employees, and shall be
       responsible under this section for any failure to perform his official duty relative to the
       payment of their wages or salaries, unless he is prevented from performing the same
       through no fault on his part."

18

90.  By filing the Wage Complaint Form with the Office of the Attorney General and thereafter receiving permission to commence suit, Plaintiff, Crystal Atherton, has complied with all of the relevant requirements contained within G.L. c. 149.

91.  The Plaintiff, Crystal Atherton, avers that she has been the victim of a failure to pay wages and benefits as outlined herein and perpetrated by Defendants, City of Beverly, William Scanlon and John Dunn, even though said conduct is prohibited by M.G.L. Ch. 149, § 148.

92.  As an aggrieved employee who has complied with the relevant requirements contained within G.L. c. 149, and has waited the mandatory ninety days after the formal response of the Attorney General, Plaintiff, Crystal Atherton, is entitled to commence this action.

93.  Defendants' failure to timely pay all of the benefits owed to the Plaintiff, Crystal Atherton, is a violation of G.L. c. 149 and Defendant's failure to pay said sums has caused Plaintiff, Crystal Atherton, to suffer great harm.

WHEREFORE, the Plaintiff, Crystal Atherton, demands judgment against the Defendants in the sum determined by the Court and/or Jury to be due the Plaintiff, Crystal Atherton, together with treble damages, pursuant to this Count, with costs, interest, and reasonable attorneys fees.

## COUNT XI

## (DECLARATORY JUDGMENT)

94.  The Plaintiff, Crystal Atherton, incorporates by reference paragraphs one through ninety-two as if each is separately set forth herein.

95.  Plaintiff, Crystal Atherton, brings this claim for declaratory judgment under G.L. c.231A,

§ 1.

96.   As stated herein, there is an actual controversy within the jurisdiction of this Court caused
      by the conduct of the Defendants to who neglected or failed to :

      (A)   comply with the City of Beverly's own Home Rule Charter provision requiring a
            hearing and reinstatement due to the failure of the appointing authority to take any
            action within the requisite time periods; and

      (B)   compensate Plaintiff, Crystal Atherton, as required for all accrued benefits
            referenced herein, including sick leave buyback, vacation time, unused personal
            days and compensatory time as referenced above.

97.   As stated herein, there is an actual controversy within the jurisdiction of this Court caused
      by the failure of the Defendants', City of Beverly and William Scanlon, to abide by its
      own rules, regulations and ordinances and a real dispute exists therefore between the
      parties which requires immediate judicial determination.

98.   Based on the foregoing, Plaintiff, Crystal Atherton, is required and entitled to
      reinstatement and compensation for sick leave buyback, vacation time, unused personal
      days and compensatory time in accordance with the Beverly Home Rule Charter,
      ordinances, administrative codes, personnel rules and regulations of the City of Beverly
      as aforesaid.

      WHEREFORE, Plaintiff, Crystal Atherton, requests a declaratory judgment against the
Defendants, City of Beverly, William Scanlon and John Dunn, that Plaintiff, Crystal Atherton, is
entitled to reinstatement in a position which is the same or equivalent to her former position as
Secretary to the Mayor of the City of Beverly, in benefits, salary, terms and conditions, frontpay,

20

backpay and interest as well as a determination that the Defendants are required to compensate

Plaintiff, Crystal Atherton, for all unused sick leave buyback, vacation time, unused personal

days and compensatory time.

## COUNT X

### (INFLICTION OF EMOTIONAL DISTRESS - WILLIAM SCANLON)

99. The Plaintiff, Crystal Atherton, incorporates by reference paragraphs one through ninety-
eight as if each is separately set forth herein.

100. The conduct of the Defendant, William Scanlon, including, but not limited to, the refusal
to afford Plaintiff, Crystal Atherton, a hearing as required and by terminating the Plaintiff,
Crystal Atherton, from her employment with the City of Beverly was conduct being done
for the purpose of causing mental distress, embarrassment, and aggravation to the
Plaintiff, Crystal Atherton.

101. Plaintiff, Crystal Atherton, is being caused mental distress, embarrassment and
aggravation as a result of the aforementioned conduct of William Scanlon and his agents.

102. In the alternative, Plaintiff, Crystal Atherton, says that said actions by the Defendant,
William Scanlon were willful, intentional, extreme and outrageous actions to cause and
inflict emotional distress, aggravation, humiliation, and embarrassment to the Plaintiff,
Crystal Atherton.

103. The Defendant knew or should have known that his outrageous actions were reasonably
foreseeable to cause Plaintiff, Crystal Atherton, serious and substantial emotional
distress, aggravation, humiliation, embarrassment, and expense.

21

WHEREFORE, Plaintiff, Crystal Atherton, seeks damages for infliction of emotional distress, with costs, interest, and attorney's fees.

## COUNT XI

## (LOSS OF CONSORTIUM - WILLIAM SCANLON)

104.    The Plaintiffs incorporate by reference paragraphs one through ninety-eight as if each is separately set forth herein.

105.    As a result of the improper and unlawful conduct as alleged herein committed against the Plaintiff, Crystal Atherton, by Defendant William Scanlon and as a result of the severe emotional and physical distress this conduct has caused her husband, Robert Atherton to suffer and has himself suffered severe emotional and physical stress and injuries, and has suffered the loss of the care, companionship, and society of his wife, the Plaintiff, Crystal Atherton.

WHEREFORE, Plaintiff Robert Atherton demands judgment against the defendant William Scanlon, in such amounts as may be determined.

WHEREFORE, the Plaintiffs pray for the following relief:

(1)    Grant the Plaintiffs, Crystal Atherton and Robert Atherton, compensatory or actual damages;

(2)    Grant the Plaintiff, Crystal Atherton, punitive or exemplary damages;

(3)    Grant Plaintiff, Crystal Atherton a declaratory judgment adjudging that Defendants' conduct as described in this complaint constitutes a violation of the First and Fourteenth Amendments to the United States Constitution; a violation of

22

Article 16 of the Declaration of Rights, as amended by art. 77 of the Amendments to the Massachusetts Constitution; as well as the City of Beverly's own ordinances, administrative codes, personnel rules and regulations.

(4)    Issue a permanent injunction enjoining Defendants, their officers, agents, successors, employees, and any others acting in concert with any of them: (a) from maintaining an unconstitutional political patronage system in governmental employment policy whereby freedom of political beliefs, association, or affiliation is infringed; (b) from maintaining arbitrary, capricious, discriminatory, or otherwise unlawful employment policies and practices; (c) requiring Defendants to adopt and implement an equal-opportunity employment policy including, but not limited to, the establishment of nondiscriminatory hiring, promotion, and discharge plans designed to eliminate the effects of their discriminatory employment practices; and (d) from committing or conspiring to commit any other unlawful conduct against Plaintiff, Crystal Atherton.

(5)    Reinstate Plaintiff, Crystal Atherton, to her position with an award of backpay with interest, and all other lost employment benefits such as pension and leave. In the unlikely event the Court finds that reinstatement is not feasible, Plaintiff, Crystal Atherton, prays for an award of front pay and credit for duration of the front pay towards her retirement benefits.

(6)    Award Plaintiff, Crystal Atherton, her reasonable attorney fees and costs pursuant to 42 USCA § 1986, 42 USCA § 1988, 42 USCA § 1983, 42 USCA § 1985, G.L. c. 151B and G.L. c. 149, § 148.

23

(7)     Award Plaintiff, Crystal Atherton, treble damages in accordance with G.L. c. 149,

§ 148 et seq.

(8)     Retain jurisdiction of this action to ensure full compliance with the law.

(9)     Award Plaintiffs, Crystal Atherton and Robert Atherton, such other and further

relief that the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully Submitted,

CRYSTAL A. ATHERTON AND ROBERT A. ATHERTON

By their Attorney,

Jordan L. Shapiro
BBO#454240
Shapiro & Hender
640 Main Street
Malden, MA 02148
DATED: April 20, 2005                    (781) 324-5200

24

**William F. Scanlon, Jr.**
5 Whitman Place
Beverly, MA 01915

978-922-9699

December 17, 2003

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ms. Crystal Atherton
61 Conant Street
Beverly, MA 01915

Dear Crystal:

As you most probably are aware, the City Charter of the City of Beverly grants to the Mayor the power to remove from office all persons appointed by the Mayor. On January 5, 2004 it is my intention to remove you from your present position. Before that should become necessary, I offer you this opportunity to resign your position, with such resignation to be effective no later than 12:00 Noon, Monday, January 5, 2004. If you wish to take advantage of this opportunity I request that you file your resignation with the City Clerk by the close of business Wednesday, December 31, 2003.

Should you choose to resign, please know that in so acting you are serving the citizens of Beverly by facilitating and contributing to a smooth transition of government from the present administration to the next and for that you have my thanks.

Very truly yours,

December 31, 2003

William F. Scanlon, Jr.
Mayor Elect
5 Whitman Place
Beverly, MA 01915

Dear Mayor Elect Scanlon:

I have received your letter dated December 17, 2003 seeking my resignation. As I told you in our telephone conversation, I do not intend to resign and do not believe I am subject to removal under the City Charter (see Section 8-15), except possibly for cause. As I also told you in our conversation, I do not have a position to resign from because I am not a city officer or a department head but rather a rank and file staff secretary—a career public servant who has served a number of administrations, including your earlier administration.

As a dedicated public servant with more than 18 years of service and an exemplary employment record, I do not think that "for cause" termination is an issue.

I have decided to take three weeks of vacation and will return to work on January 20, 2004. Having dedicated more than 18 years to the City as a loyal employee and public servant, I look forward to continuing my work for the City of Beverly and its residents.

If you wish to re-assign me to a different department or location, please let me know.

Sincerely,

Crystal A. Atherton
61 Conant Street
Beverly, MA 01915
(978) 927-2943



*City of Beverly*

*Massachusetts 01915*

*Mayor*
William F. Scanlon, Jr.

*Executive Secretary*
Linda Paluzzi Giallongo

*Telephone*
(978) 921-6000

January 5, 2004

*Facsimile*
(978) 922-0285

Mrs. Frances Macdonald
Beverly City Clerk
City Hall
191 Cabot Street
Beverly, MA 01915

Re: Removal of Crystal Atherton from the position as the Mayor's Confidential
     Secretary and Clerk to the Beverly License Board

Dear Mrs. Macdonald:

In accordance with Section 3-3 and Section 3-4 of the Beverly Home Rule Charter and
Section 3-313 of the Administrative Code, I do hereby remove Crystal Atherton from the
position of Mayor's Confidential Secretary. Further in accordance with Section 3-3 and
Section 3-4 of the Beverly Home Rule Charter, I do hereby remove Crystal Atherton
from the position of Clerk to the Beverly License Board.

The specific reason for this action is that I desire to fill these positions with a person of
my own choosing and in whom I have faith and confidence will perform the duties of
such positions in an exemplary fashion.

This removal is effective immediately.

Very truly yours,

William F. Scanlon, Jr.
Mayor of Beverly

WFS/lpg

Cc: Crystal Atherton by Certified Mail, Postage Prepaid

January 12, 2004


William F. Scanlon, Jr., Mayor
City of Beverly
191 Cabot Street
Beverly, MA 01915

Dear Mayor Scanlon:

I am in receipt of a copy of your letter dated January 5, 2004, in which you advised the
City Clerk that you have removed me in accordance with Section 3-3 and 3-4 of the
Beverly Home Rule Charter from the positions I have recently held in the City of
Beverly.

Pursuant to Section 8-15 of the Beverly Home Rule Charter, I hereby request a public
hearing and a hearing as otherwise allowed or required by law.

Very truly yours,


Crystal A. Atherton
61 Conant Street
Beverly, MA 01915

## SECTION 8-15: REMOVALS AND SUSPENSIONS

Any employee of the city, not a city officer or a department head (hereafter "such person") and not subject to the provisions of the civil service law, or covered by the terms of a collective bargaining agreement which provides a different method, and whether appointed for a fixed or an indefinite term, may be suspended or removed from office by the appointing authority for good cause. The term "cause" shall include, but not be limited to the following: inefficiency, insubordination, conduct unbecoming the office and incapacity, other than temporary illness.

Any such person may be suspended from office by the appointing authority if such action is deemed by the appointing authority to be necessary to protect the interests of the city. However, no suspension shall be for more than fifteen (15) days. Suspension may be coterminous with removal and shall not interfere with the rights of the officer or employee under the removal procedure given below.

The appointing authority when removing any such person shall act in accordance with the following procedure:

(a)     A written notice of the intent to remove and a statement of the cause or causes therefore shall be delivered in hand or by certified mail to the last known address of the person sought to be removed.

(b)     Within five (5) days of delivery of such notice, the officer or employee of the city may request a public hearing at which such person may be represented by counsel, shall be entitled to present evidence, call witnesses and to question any witness appearing at the hearing.

(c)     Between one (1) and ten (10) days after the public  hearing is adjourned, or if the officer or employee of the city fails to request a public hearing, between six (6) and fifteen (15) days after delivery of the notice of intent to remove, the appointing authority shall take final action, either removing such person, or, notifying such person that the notice is rescinded. Failure of the appointing authority to take any action within the time periods as stated in this section shall be deemed to be a rescission of the original notice and the officer or employee shall, forthwith, be reinstated.

Nothing in this section shall be construed as granting a right to such a hearing to a person who has been appointed for a fixed term when that term of office expires and such person is not reappointed for another term of office.

42



| | | Employee Name | | 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 | 01/03/04 | Period Ending | 01/02/04 | CITY | 077701 |
|---|---|---|---|---|---|---|---|---|---|
| | | 6099 CRYSTAL A. ATHERTON | | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| VACA | 105.00 | 2,599.77 | SOCIAL SECUR | 50.14 | EARNINGS 3,466.36 |
| BASE H | 35.00 | 866.59 | DEF COMP-PEB | 50.00 | FIT GROSS 3,070.69 |
| | | | STATE STREET | | SOCIAL SECU 50.14 |
| | | | FED INC TAX | 615.53 | DEF COMP-PE 50.00 |
| | | | STATE INC TX | 174.10 | FED INC TAX 615.53 |
| | | | RETIREME 2% | 57.79 | STATE INC T 174.10 |
| | | | RETIREME 8% | 277.31 | RETIREME 2% 57.79 |
| | | | RETIRE MAKEU | 2.25 | RETIREME 8% 277.31 |
| | | | BCBS HMO IW | 8.32 | RETIRE MAKE 2.25 |
| | | | FIRST COL-WE | 3.00 | BCBS HMO IW 8.32 |
| | | | CREDIT UNION | 100.00 | FIRST COL-W 3.00 |
| | | | UNITED WAY | 0.50 | UNITED WAY 0.50 |
| | | | DIRECT DEP % | 2,127.42 | DIRECT DEP 2,127.42 |
| | | | BEVERLY NATl | | |

**CITY OF BEVERLY** — STATEMENT OF EARNINGS

| TOTAL PAY | 3,466.36 | | VACA(H) | 105.00 | 21.50 |
| DEDUCTIONS | 1,338.94 | | SICK(H) | 0.00 | 1095.75 |
| NET PAY | 2,127.42 | | PERS(H) | 0.00 | 14.00 |
| TAXABLE GROSS | 3,070.69 | | | | |

CITY ADVICES



DO NOT ACCEPT UNLESS THIS CHECK IS PRINTED WITH A GREEN BACKGROUND, CONTAINS A VOID PANTOGRAPH, MICRO PRINTING FACE AND BACK. IN FRONT AND AN ARTIFICIAL WATERMARK VISIBLE ON THE BACK.

**CITY OF BEVERLY**
**BIRTHPLACE OF THE AMERICAN NAVY**
191 CABOT STREET
BEVERLY, MASSACHUSETTS 01915
CITY PAYROLL ACCOUNT

BEVERLY NATIONAL BANK
BEVERLY, MASS
53-276
113

Advice Number 077701

| 01/02/04 | $2,127.42 |

*** TWO THOUSAND ONE HUNDRED TWENTY-SEVEN DOLLARS AND 42 CENTS

Deposit To The Account Of
121 11211 7
CRYSTAL A. ATHERTON
61 CONANT ST
BEVERLY, MA 01915

**NON-NEGOTIABLE**
**DIRECT DEPOSIT**

a) Provide coordination and direction to the agencies within the department to insure consistent administration and the efficient delivery of services to citizens and taxpayers.

b) Meet regularly with the Mayor to develop goals and objectives for each of the agencies within the department and to measure and evaluate the performance of functions by the agencies.

c) Meet with the multiple member bodies which are responsible for the oversight of the agencies' programs to explain the goals and objectives set by the Mayor for each such agency.

d) Examine the level of services provided in other communities to ensure the City of Beverly provides nothing less than an equivalent service for its citizens.

e) Assist constituent agencies in the development of annual operating budgets and capital outlay requests.

f) Provide assistance to the constituent multiple member bodies in personnel-related matters including appointment, discharge, evaluation and supervision.

g) Serve as liaison between the multiple member bodies, the divisions, the City Council and the Mayor.

h) Be responsible for the coordination and supervision of the data processing and management information systems for the city and any of its governmental offices and agencies.

## SECTION 3-313. Confidential Secretary/Administrative Assistant to the Mayor

(a). Establishment. – There shall be a Confidential Secretary/Administrative Assistant to the Mayor.

(b) Mode of Appointment, Term of Office - The Confidential Secretary/Administrative Assistant to the Mayor shall be appointed by and responsible only to the Mayor. The Confidential Secretary/Administrative Assistant shall serve at the pleasure of the Mayor.

(c) Authorities and Responsibilities - The Confidential Secretary/Administrative Assistant to the Mayor shall have the following duties:

(1) Organize and summarize information and prepare it for the Mayor's review and action;

(2) Meet with department heads regarding day-to-day business, expediting administrative interaction between the Mayor's office and City departments;

(3) Serve as a liaison officer between the Mayor, the media, public interest groups, businesses and residents;

56

Massachusetts Commission against Discrimination                    and EEOC
*(State or local Agency, if any)*

| NAME *(Indicate Mr., Ms., or Mrs.)* | | HOME TELEPHONE NO. *(Include Area Code)* |
|---|---|---|
| Crystal Atherton | | 978 927 2943 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 61 Conant Street, | Beverly, MA 01915 | ESSEX |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| City of Beverly | | 978  921 6000 |
| STREET ADDRESS | | CITY, STATE AND ZIP CODE |
| 191 Cabot STreet,  City Hall, | | Beverly, MA 01915 |
| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
| William F. Scanlon, individually and as Mayor | | 978 921 6000 |
| STREET ADDRESS   City of Beverly | | CITY, STATE AND ZIP CODE |
| 191 Cabot Street | | Beverly, MA 01915 |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☒ AGE    ☒ RETALIATION    ☐ OTHER*(Specify)*

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE *(Month, day, year)*
12/17/03 and cont'g

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s)):*

See Continuation Sheets 1 and 2 incorporated hereat by reference.

---

☐ I also want this charge filed with the EEOC.
I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

| NOTARY - (When necessary to meet State and Local Requirements) |
|---|

I declare under penalty of perjury that the foregoing is true and correct.

7/5/04
Date

Crystal Atherton
Charging Party *(Signature)*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(Day, month, and year)*

CONTINUATION SHEET - PAGE 1

On January 5, 2004, Complainant, Crystal A. Atherton, was terminated from her position as a Secretary and employee of the City of Beverly. Complainant is a 66 year old female and eighteen year employee of the City of Beverly. According to the letter of termination, Complainant was fired by the newly elected Mayor because of a desire to fill her secretarial position "with a person of my own choosing and in whom I have faith and confidence will perform the duties of such position[s] in an exemplary fashion." (Letter of Termination dated January 5, 2004 is attached hereto as Exhibit 1).

After her termination, Complainant properly requested a hearing in accordance with Section 8-15 of the Beverly Home Charter. (Letter from Complainant to Respondent William F. Scanlon dated Janaury 12, 2004 requesting the hearing under Section 8-15 of the Home Rule Charter is attached hereto as Exhibit 2). No hearing was conducted in violation of Section 8-15 of the Beverly Home Charter. (A copy of Section 8-15 of the Beverly Home Charter is attached hereto as Exhibit 3). This unconditional right to a hearing is a term of Complainant's employment. The Complainant believes she was denied equal terms and conditions of employment due to her Gender (Female), Age and retaliation in violation of Mass. Gen. Laws c. 151B. If Complainant completed another two years of service to the City of Beverly giving her twenty years, she would have been entitled to a vested retirement pension from the City. Instead, the termination has prevented Complainant from obtaining the time in service necessary to obtain a vested retirement pension. Therefore, the Complainant charges the Respondents, City of Beverly and William F. Scanlon, Jr., in his individual capacity with various violations of M.G.L. Ch. 151B, § 4, including but not limited to, § 4 ¶ 1, § 4 ¶ 1C, § 4 ¶ 4, § 4 ¶ 4A and § 4 ¶ 5; Title VII of the 1964 Civil Rights Act; the Age Discrimination in Employment Act (29 U.S.C.

CONTINUATION SHEET - PAGE 2

§§ 621 - 634) and the Civil Rights Act of 1991.

By filing the within Charge of Discrimination, the Complainant seeks emotional distress damages, front and back pay, attorney's fees, and such other damages as allowed by law.

# *Shapiro & Hender*

JORDAN L. SHAPIRO
DANIELLE M. HENDER
ERIC L. SHWARTZ
CHARLES J. FEMINO
SOL H. SHAPIRO (1937-1990)

_____

OF COUNSEL
DAVID P. SHAPIRO

LAW OFFICES

*640 Main Street*
*P.O. Box 392*
*Malden, Massachusetts 02148*

TEL. (781) 324-5200
FAX (781) 322-4712

EMAIL ADDRESSES:

JORDAN: JSLAWMA@AOL.COM
DANIELLE: dheskwyr@gis.net
ERIC: gr8counsel@yahoo.com
CHARLES: cfeminolaw@hotmail.com
DAVID: dwight24@aol.com

October 12, 2004

Mr. Nicholas Sun
Investigator
Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Room 601
Boston, MA 02108

> Re:    Crystal Atherton v. City of Beverly and William Scanlon
> MCAD Docket No. 04-BEM-02020
> EEOC # 16 CA 40 2165

Dear Mr. Sun:

On behalf of my client, Crystal Atherton, I hereby request permission to withdraw the above-referenced matter with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission, as my client wishes to file a private right of action in Superior Court.

My client has been advised that it is unlawful for any person or persons to threaten, intimidate, or harass my because she filed a complaint and that she has not been coerced into requesting this withdrawal.

Very truly yours,

Jordan L. Shapiro

10/17/04
Date

Crystal Atherton

*10/22/04*

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place, Boston, MA 02108**
**Phone: (617) 994-6000 Fax: (617) 994-6024**

Date Issued: 10/22/2004

Eric R. Shwartz, Esq.
Law Offices of Shapiro & Hender
640 Main Street
P.O. Box 392
Malden, MA 02148

Re:   **Complainant(s)**   Crystal Atherton

Vs.

**Respondent(s)**   City of Beverly, William F. Scanlon

MCAD Docket Number: 04BEM02020
EEOC/HUD Charge Number: 16CA402165

Dear Counsel:

The Commission has received notice that a civil action is being filed in *Superior Court* in the above-referenced matter. Pursuant to M.G.L.A. 151B, Section 9 (Chapter 478 of the Acts of 1974), the complaint before the Commission is hereby dismissed without prejudice as to the merits.

**Please be advised that pursuant to 804 CMR 1.15(2), the parties are required to serve upon the Commission's General Counsel a copy of any final order obtained in court. In addition, any party filing an appeal of such final order is required to serve a notice of appeal upon the Commission's General Counsel.**

Please be advised the Complainant is barred from subsequently bring a complaint on the same matter before this Commission.

Very truly yours,

Walter J. Sullivan Jr.
Commissioner

Cc:

Elizabeth R. Corbo, Esq.
Kopelman and Paige, P.C
31 St. James Avenue
Boston, MA 02116

# THE COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION
### ONE ASHBURTON PLACE
#### BOSTON, MA 02108-1518]

Tel: (617) 994-6000          TTY: (617) 994-6196          Fax: (617) 994-6024

TO:        **File**
FR:        **Robin Edwards-King**
RE:        **Crystal Atherton v. City of Beverly, William F. Scanion**
MCAD #     **04BEM02020**
EEOC #     **16CA402165 (25+ employees)**
DATE:      **October 22, 2004**

## RECOMMENDATION: CASE CLOSURE – WITHDRAWN IN ORDER TO FILE A PRIVATE RIGHT OF ACTION ON THE SAME MATTER IN CIVIL COURT

On July 13, 2004 Complainant filed a complaint with the Massachusetts Commission Against Discrimination and the EEOC. Complainant alleged Respondents discriminated against her on or around January 5, 2004 on the basis of Age (d.o.b. 6/13/1938), Sex and Retaliation in violation of M.G.L. c.151B§4 (1B)(1)(4) ADEA and Title VII.

On October 17, 2004 Complainant's Counsel submitted a request to withdraw this complaint from the MCAD and EEOC in order to pursue the matter as a private right of action in civil court.

The Commission finds no reason to investigate this matter further. Therefore, it is recommended that Complainant be allowed to withdraw this complaint.

Robin Edwards-King
Administrative Assistant



### CITY OF BEVERLY
DEPARTMENT OF MUNICIPAL FINANCE
191 CABOT STREET
BEVERLY, MA 01915

Operating Offices:
Board of Assessors
Office of Collections
Office of Treasury
Office of Accounting

(978)921-6000   Fax (978) 021-6052

November 7, 2004

Ms. Crystal A. Atherton
61 Conant Street
Beverly, MA 01915

Dear Ms. Atherton:

You have inquired as to the status of certain employee benefits to which you might be
entitled resulting from the termination of your active employment with the City of
Beverly.

1)     Vacation Days
On January 1, 2004 you accrued twenty vacation days for use in calendar 2004.
You also brought forward ten days (the maximum) from calendar 2003, giving
you thirty days to use in 2004. On January 2, 2004 you received payment for
fifteen days in addition to your regular weekly pay. Your unused vacation accrual
then is fifteen days and you are due a payment in the gross amount of $2,599.77.

2)     Personal Days
On January 1, 2004 you accrued three personal days and are due a payment in the
gross amount of $519.95.

3)     Longevity and Other Beneficial Payments
On December 2003 you received a $500 payment for your Fiscal 2003 longevity
and on December 19, 2003 you received a $693.28 payment representing four
days of Wellness Incentive for Fiscal 2003. I am not aware of any other
beneficial payment to which you might be entitled.

3)     Sick Leave Buyback
After review of Section 17-47 of the Revised Ordinances of the City of Beverly
and also of relevant language in various bargaining unit contracts, it is my opinion
that the buyback of an employee's sick time is triggered when active employment
is terminated by retirement or by demise. In your case, you ceased active
employment with the City on January 2, 2004 and did not retire until September

9, 2004. The elapsed time period is simply too long to say that employment was terminated by retirement.

According to the above then you are entitled to a payment in the gross amount of $3,293.05. We will produce such payment through the payroll system, which will subject the payment to the withholding levels that were in place for you on January 2004. Please contact Carol Augulewicz to verify those withholding instructions and make any changes you may desire. Please contact me at 978-921-6000 x131 to verify when you would like to pick up the payment.

Very truly yours,

John P. Dunn
Finance Director



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE, ROOM 1813
BOSTON, MA 02108
617-727-2200

## Non-Payment of Wage Complaint Form

**EMPLOYEE INFORMATION:**

**Name:** Crystal Atherton _____ **Soc. Sec.** ___ / ___ / ___

**Address:** 61 Conant Street

**City:** Beverly _____ **State:** MA _____ **Zip:** 01915

**Date of Birth:** 6/13/38 _____ **Work Phone:** _____ **Home Phone:** 978-927-2943

**What type of work did you perform:** Secretarial

**EMPLOYER INFORMATION: (complaint will not be accepted unless this section is completed.)**

**Company Name:** City of Beverly

**Address:** 191 Cabot Street

**City:** Beverly _____ **State:** MA _____ **Zip:** 01915

**Phone:** 978-921-6000 _____ **Total number of employees in company:** 700+

**President/Owner Name:** William Scanlon _____ **Title:** Mayor

**Local Manager Name:** _____

**Town where work was performed:** Beverly, MA

**WAGE/BENEFIT INFORMATION:**

**Date of Hire:** 2/13/1987 _____ **Were you discharged?** Yes _____ **Date of discharge:** 1/5/2004

**Did you leave?** _____ **Date:** _____ **Reason for leaving:** _____

**If you left, did you make a personal demand for this money?** Yes

**If yes, what was the response of the employer:** See attached letter from John Dunn, Financial Dir.

**Rate of Pay: $** 194.12 _____ **per (hour/week):** day _____ **Unpaid Wages:** _____

**What dates did you work for the money which you claim you are owed:**

**From:** 2/3/1987 **to** 1/20/04    **Total amount owed: $** 24,022.35

**Have you signed a contract as a consultant or independent contractor?** No

**Do you have an attorney representing you in this matter?** Yes, Jordan L. Shapiro 640 Main St. Malden, MA 02148

**Have you taken any other action against your employer in this matter?** No formal action as of this date.

**If yes, please explain:** _____

_____

**Are you willing to fully cooperate with the Attorney General's Office, which may include appearing in court?** Yes

**EXPLAIN IN DETAIL the facts relating to why you were not paid or why you are filing this complaint. If your complaint involves vacation pay, briefly explain how you earned vacation time (e.g. one week per year, one week after one year, monthly accrual, etc.)**

Please see attached.

_____

_____

_____

_____

_____

_____

_____

_____

**I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE AND BELIEF THIS IS A TRUE STATEMENT OF THE FACTS RELATING TO MY COMPLAINT.**

**Signature:** Crystal A. Atherton    **Date:** Nov 24, 2004

**Print Name:** CRYSTAL A. Atherton

Please attach copies of any supporting information (e.g. pay stubs, employment policy, etc...). Important: send only copies, save the originals for your records.

Crystal A. Atherton - Non-Payment of Wage Complaint Form
(continuation page)

As an employee of the City of Beverly, I accrued sick leave benefits at the rate of 2 days per month during my employment as a secretary (as required by ordinance) and 1.25 days per month as the Assistant to the Purchasing Director (determined by union contract). Upon my termination, I had accumulated sick leave time in the amount of 1695.75 hours or 242.25 days, 100 days of which I am entitled as sick leave buy back at the rate of $194.12 per day for a total of $19,412.00. By ordinance, I am also entitled to three weeks of vacation pay at the rate of $194.12 for a total of $2,911.80 and three unused personal days for $582.36.

Finally, at the time of my assignment to the Mayor's office on September 30, 2002, I worked approximately five hours extra compensatory time per week from September 30, 2002 through January 23, 2003 for a total of 59 hours. Since I used 14 hours of the compensatory time prior to my termination, I am therefore entitled to 45 hours at the rate of $194.12 (per day) for a total of $1,116.19.

In total, the City of Beverly owes me $24,022.35.



**CITY OF BEVERLY**
*DEPARTMENT OF MUNICIPAL FINANCE*
*191 CABOT STREET*
*BEVERLY, MA 01915*

Operating Offices:
Board of Assessors
Office of Collections
Office of Treasury
Office of Accounting

(978)921-6000  Fax (978) 021-6052

November 7, 2004

Ms. Crystal A. Atherton
61 Conant Street
Beverly, MA 01915

Dear Ms. Atherton:

You have inquired as to the status of certain employee benefits to which you might be entitled resulting from the termination of your active employment with the City of Beverly.

1)      Vacation Days
        On January 1, 2004 you accrued twenty vacation days for use in calendar 2004. You also brought forward ten days (the maximum) from calendar 2003, giving you thirty days to use in 2004. On January 2, 2004 you received payment for fifteen days in addition to your regular weekly pay. Your unused vacation accrual then is fifteen days and are due a payment in the gross amount of $2,599.77.

2)      Personal Days
        On January 1, 2004 you accrued three personal days and are due a payment in the gross amount of $519.95.

3)      Longevity and Other Beneficial Payments
        On December 2003 you received a $500 payment for your Fiscal 2003 longevity and on December 19, 2003 you received a $693.28 payment representing four days of Wellness Incentive for Fiscal 2003. I am not aware of any other beneficial payment to which you might be entitled.

3)      Sick Leave Buyback
        After review of Section 17-47 of the Revised Ordinances of the City of Beverly and also of relevant language in various bargaining unit contracts, it is my opinion that the buyback of an employee's sick time is triggered when active employment is terminated by retirement or by demise. In your case, you ceased active employment with the City on January 2, 2004 and did not retire until September

9, 2004. The elapsed time period is simply too long to say that employment was terminated by retirement.

According to the above then you are entitled to a payment in the gross amount of $3,293.05. We will produce such payment through the payroll system, which will subject the payment to the withholding levels that were in place for you on January 2004. Please contact Carol Augulewicz to verify those withholding instructions and make any changes you may desire. Please contact me at 978-921-6000 x131 to verify when you would like to pick up the payment.

Very truly yours,

John P. Dunn
Finance Director

**Sec. 17-47. Number of sick leave days allowed per year; how credit computed; accumulation.**

(a) Compensation for sickness or other disability shall be limited to two (2) days for each month of service in the proceeding twelve (12) months, but not more than twenty (20) days in any twelve month period. Holidays and any other days not included in the normal workweek shall not be included in the computation of days allowed hereunder.

(b) Sick leave credit will begin the first day of the month in which the employee is employed, but thereafter benefits hereunder shall be based upon continuous service since the date of original employment. If such service has not been continuous, such benefits shall be based upon continuous service since the last hiring date after the expiration of such twelve (12) months of service or employment.

(c) Any sick leave allowed under this section may be accumulated, but such accumulation shall not exceed two hundred (200) days at any time.

(d) Upon retirement, employees will be paid fifty (50) percent of the accrued sick days accrued as severance pay. If termination is by demise, fifty (50) percent of the accrued sick leave shall be paid to the house, next of kin, to the employee's estate, or to the employee's legally designated beneficiary.

(e) Each employee's sick leave credits shall be posted annually by January fifteenth of each calendar year.

(f) For purposes of this section, a day's pay shall be computed as one-fifth of an employee's base pay per week, in grade.

(g) If a conflict exists between any current collective bargaining agreement and this section the provisions of the collective bargaining agreement will apply.

(h) Notwithstanding the foregoing section 17-47(d), any department head of the city who is initially appointed or hired on after January 1, 1989, shall not be eligible to receive or be paid accrued sick days as provided under section 17-47(d), nor will their spouse, next of kin, estate, or legally designated beneficiary be eligible for such severance pay.
(Rev. Ords. 1973, § 20-12; Ord. No. 659, 12-19-88)

**Sec. 17-48. Conditions under which leaves shall not be granted.**

No person shall be entitled to any compensation or benefits under      disability resulting in whole or in part from:      Exhibit B

Daffodil
Days

(1) The voluntary use of intoxicating liquor, drugs or narcotics;

295



THE COMMONWEALTH OF MASSACHUSETTS

OFFICE OF THE ATTORNEY GENERAL

ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

January 14, 2005

Eric Shwartz, Esq.
Shapiro and Hender
640 Main Street
P.O. Box 392
Malden, MA 02148

Re:    **Crystal Atherton**
       **Non payment of Wage Complaint against the City of Beverly**

Dear Mr. Shwartz::

We have received your correspondence to this office concerning certain practices of the above-named entity. After carefully reviewing the above referenced complaint we must decline to take further enforcement action in this matter.

Unfortunately, we are frequently called on to make difficult decisions about prosecuting or enforcing the many complaints we receive each year.

I regret that we are unable to do anything further for you in this matter.

Sincerely,

Trevor Murray
Intake Supervisor
Fair Labor and Business Practices Division
(617) 727-2200

**Commonwealth of Massachusetts**
**County of Essex**
**The Superior Court**

CIVIL DOCKET# **ESCV2005-00654-A**

RE: **Atherton et al v Beverly et al**

TO: Jordan L Shapiro, Esquire
Shapiro & Hender
640 Main Street
Malden, MA 02148

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 07/24/2005 |
| Response to the complaint filed (also see MRCP 12) | 09/22/2005 |
| All motions under MRCP 12, 19, and 20 filed | 09/22/2005 |
| All motions under MRCP 15 filed | 09/22/2005 |
| All discovery requests and depositions completed | 02/19/2006 |
| All motions under MRCP 56 served and heard | 03/21/2006 |
| Final pre-trial conference held and firm trial date set | 04/20/2006 |
| Case disposed | 06/19/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **CtRm 2 -rear (Salem) at Essex Superior Court.**

Dated: 05/12/2005

Thomas H. Driscoll Jr.
Clerk of the Courts
BY: Judith Brennan
Assistant Clerk

Location: CtRm 2 -rear (Salem)
Telephone: (978) 744-5500 ext. 414

A TRUE COPY ATTEST
DEPUTY ASSISTANT CLERK

Cynthia a Cayli

cvdtract_2.wpd 545909 inidoc01 vernavad

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts Superior Court Department |
|---|---|
| S - 655 / A | County: _Essex_ |

PLAINTIFF(S) Crystal Atherton and Robert W. Atherton

DEFENDANT(S) City of Beverly, William F. Saulon and John Dunn

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Jordan L. Shapiro, Shapiro & Hender, 640 Main Street, Malden MA 02148

ATTORNEY (if known)

Board of Bar Overseers number: 454240

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (✓) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $..............
2. Total Doctor expenses .............................................. $..............
3. Total chiropractic expenses ........................................ $..............
4. Total physical therapy expenses ................................... $..............
5. Total other expenses (describe) .................................... $..............
   Subtotal $..............
B. Documented lost wages and compensation to date ........................ $..............
C. Documented property damages to date ................................... $..............
D. Reasonably anticipated future medical and hospital expenses ........... $..............
E. Reasonably anticipated lost wages .................................... $..............
F. Other documented items of damages (describe)
   $..............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff was unlawfully terminated in contravention to the City of Beverly's own policies and regulations regarding the termination of employees. Moreover, Plaintiff alleges violations of her civil rights and further seeks damages and declaratory judgment.
   $..............
   TOTAL $ 250,000..

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $. ..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 1/21/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

A TRUE COPY ATTEST
DEPUTY ASSISTANT CLERK
Cynthia A. Anfin

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 5 - 65 51

Crystal A. Atherton and
Robert W. Atherton
......................................................................., Plaintiff(s)

City of Beverly, William F. Scanlon, Jr., and
John Dunn
......................................................................., Defendant(s)
＊ in their individual and official capacities

## SUMMONS

To the above named Defendant: John Dunn, in his individual and official capacity

You are hereby summoned and required to serve upon Jordan L. Shapiro of Shapiro & Hender,

plaintiff's attorney, whose address is 640 Main Street, Malden, MA 02148 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

31 Federal Street, Salem MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Barbara J. Rouse, Esquire, at Salem, the
day of                              , in the year of our Lord two thousand

Thomas H. Driscoll Jr.
*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

**A TRUE COPY ATTEST
DEPUTY ASSISTANT CLERK**
Cynthia a Ayl

3

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - (OTHER))

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

A

SUPERIOR COURT
CIVIL ACTION
No. 5 - 65 4

Crystal A. Atherton and
Robert W. Atherton
......................................................................., Plaintiff(s)

City of Beverly, William F. Scanlon, Jr. and
John Doe*
......................................................................., Defendant(s)

*in their individual and official capacities

## SUMMONS

To the above named Defendant: William F. Scanlon, Jr. in his official and individual capacity

You are hereby summoned and required to serve upon Jordan L. Shapiro of Shapiro + Hecter ,

plaintiff's attorney, whose address is 640 Main Street, Malden, MA 02148 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

34 Federal Street, Salem, MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

### Barbara J. Rouse

WITNESS, S████████████Esquire, at Salem, the
day of                         , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
defendant, each should be addressed to the particular defendant.

A TRUE COPY ATTEST
DEPUTY ASSISTANT CLERK
Cynthia a Cyr

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* -  TORT  -   MOTOR VEHICLE TORT  -
CONTRACT  -  EQUITABLE RELIEF  -  (OTHER))

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 5-0654

Crystal A. Atherton and
Robert W. Atherton

........................................................................................, Plaintiff(s)

City of Beverly, William F. Scanlon, Jr., and
John Dunn

........................................................................................, Defendant(s)

* in their individed and official capacities

## SUMMONS

To the above named Defendant: City of Beverly

You are hereby summoned and required to serve upon Jordan L. Shapiro of Shapiro & Hender,

plaintiff's attorney, whose address is 640 Main Street, Malden, MA 02148, an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

34 Federal Street Salem, MA 01970

either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

### Barbara J. Rouse

WITNESS, ~~SUZANNE V. DelVecchio,~~ Esquire, at Salem, the

day of                         , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*

*Clerk*

NOT TO BE DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

A TRUE COPY ATTEST

DEPUTY ASSISTANT CLERK

*Cynthia Le Pu*

**Commonwealth of Massachusetts**
**County of Essex**
**The Superior Court**

CIVIL DOCKET# **ESCV2005-00654**

Atherton et al

vs.

Beverly et al

---

## ORDER OF TRANSFER (remand)

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

Copy of Petition for Removal to the United States District Court filed by City of Beverly, William F Scanlon in his official and individual capacity, John Dunn in his official and individual capacity

Dated at Salem, Massachusetts this 28th day of June, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:                                    
Assistant Clerk

Telephone: (978) 744-5500 ext. 414

**A TRUE COPY ATTEST**
**DEPUTY ASSISTANT. CLERK**

cvdremandc_1.wpd 556291 notusdc anglincy