UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11323MLW

| | |
|---|---|
| CRYSTAL A. ATHERTON and ROBERT W. ATHERTON,<br><br>    Plaintiffs<br><br>v.<br><br>CITY OF BEVERLY, WILLIAM F. SCANLON, in his official and individual capacity, and JOHN DUNN, in his official and individual capacity,<br><br>    Defendants | ANSWER OF DEFENDANTS, CITY OF BEVERLY and WILLIAM F. SCANLON, JR. |

## PARTIES

1. The Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. The Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of the Complaint.

3. Admitted.

4. Admitted only as to official capacity.

5. Admitted only as to official capacity.

## GENERAL FACTS

6. The first sentence is denied. The second sentence is admitted.

7. Denied as to allegation that Plaintiff had a "seventeen year tenure." The remainder is admitted.

8. Denied with respect to the term assigned. The remainder of the Paragraph is admitted.

9. The document attached as Exhibit 1 to the Complaint, as referenced in Paragraph 9 of the Complaint, speaks for itself.

10. The document attached as Exhibit 2 to the Complaint, as referenced in Paragraph 10 of the Complaint, speaks for itself.

11. Admitted.

12. The document attached as Exhibit 3 to the Complaint, as referenced in Paragraph 12 of the Complaint, speaks for itself.

13. The document attached as Exhibit 3 to the Complaint, as referenced in Paragraph 12 of the Complaint, speaks for itself.

14. The first sentence of Paragraph 14 is denied. The Defendants further state that the document attached as Exhibit 4 to the Complaint, as referenced in Paragraph 14 of the Complaint, speaks for itself.

15. The first sentence of Paragraph 15 is denied. The Defendants further state that the document attached as Exhibit 5 to the Complaint, as referenced in Paragraph 15 of the Complaint, speaks for itself.

16. The Defendants deny that the Plaintiff made "repeated" requests. The Defendants admit that the Plaintiff was not transferred to another position.

17. The document attached as Exhibit 6 to the Complaint, as referenced in Paragraph 17 of the Complaint, speaks for itself. The Defendants admit that the January 2, 2004 paycheck was the last regular paycheck issued to the Plaintiff.

18. Defendants admit that the Plaintiff filed for retirement in or around September 2004. The remainder of the Paragraph is denied.

19. Denied.

20. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 20.

21. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 21.

22. Denied.

23. Defendants are without sufficient information to either admit or deny the allegations.

24. Defendants are without sufficient information to either admit or deny the allegations.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. The document attached as Exhibit 5 to the Complaint, as referenced in Paragraph 29 of the Complaint, speaks for itself.

30. The document attached as Exhibit 5 to the Complaint, as referenced in Paragraph 30 of the Complaint, speaks for itself.

31. The document attached as Exhibit 5 to the Complaint, as referenced in Paragraph 31 of the Complaint, speaks for itself.

32. The document attached as Exhibit 7 to the Complaint, as referenced in Paragraph 32 of the Complaint, speaks for itself.

33. The document attached as Exhibit 7 to the Complaint, as referenced in Paragraph 33 of the Complaint, speaks for itself.

34. Denied.

35. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 35.

36. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 36.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied. The Defendants deny that the Plaintiff is entitled to injunctive relief.

## COUNT I

## (CIVIL RIGHTS VIOLATIONS – CITY OF BEVERLY AND WILLIAM SCANLON)

47. The Defendants repeat their responses to the allegations contained in Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. Denied.

The Defendants further deny that the Plaintiff is entitled to the relief requested.

## COUNT II

### (CIVIL RIGHTS VIOLATIONS – CITY OF BEVERLY AND WILLIAM SCANLON)

49. The Defendants repeat their responses to the allegations contained in Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. Denied.

The Defendants further deny that the Plaintiff is entitled to the relief requested.

## COUNT III

### (CIVIL RIGHTS VIOLATIONS – CITY OF BEVERLY AND WILLIAM SCANLON)

51. The Defendants repeat their responses to the allegations contained in Paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. Denied.

The Defendants further deny that the Plaintiff is entitled to the relief requested.

## COUNT IV

### (CIVIL RIGHTS VIOLATIONS – CITY OF BEVERLY AND WILLIAM SCANLON)

53. The Defendants repeat their responses to the allegations contained in Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. Denied.

The Defendants further deny that the Plaintiff is entitled to the relief requested.

## COUNT V

### (CIVIL RIGHTS VIOLATIONS – CITY OF BEVERLY AND WILLIAM SCANLON)

55. The Defendants repeat their responses to the allegations contained in Paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

The Defendants further deny that the Plaintiff is entitled to the relief requested.

## COUNT VI

### (CIVIL RIGHTS VIOLATIONS – CITY OF BEVERLY AND WILLIAM SCANLON)

59. The Defendants repeat their responses to the allegations contained in Paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. Denied.

61. Denied.

The Defendants further deny that the Plaintiff is entitled to the relief requested.

## COUNT VII

### (Mass. G.L. c.151B – CIVIL RIGHTS VIOLATIONS
### CITY OF BEVERLY AND WILLIAM SCANLON
### UNLAWFUL DISCRIMINATION ON THE BASIS OF AGE AND GENDER)

62. The Defendants repeat their responses to the allegations contained in Paragraphs 1 through 63 of the Complaint as if fully set forth herein.

63. Admitted.

64. Admitted.

65. The document attached as Exhibit 9 to the Complaint, as referenced in Paragraph 65 of the Complaint, speaks for itself.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

The Defendants further deny that the Plaintiff is entitled to the relief requested.

## COUNT VIII

### (Mass. G.L. c.151B – CIVIL RIGHTS VIOLATIONS

### CITY OF BEVERLY AND WILLIAM SCANLON

### UNLAWFUL DISCRIMINATION ON THE BASIS OF AGE AND GENDER)

71. The Defendants repeat their responses to the allegations contained in Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

The Defendants further deny that the Plaintiff is entitled to the relief requested.

## COUNT IX

### (Mass. G.L. c.249, §5 – ACTION IN THE NATURE OF MANDAMUS AGAINST ALL NAMED DEFENDANTS)

77. The Defendants repeat their responses to the allegations contained in Paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78. Denied.

The Defendants further deny that the Plaintiff is entitled to the relief requested.

## COUNT X

### (VIOLATION OF THE WAGE ACT, G.L. c.149, §148 AGAINST ALL NAMED DEFENDANTS)

79. The Defendants repeat their responses to the allegations contained in Paragraphs 1 through 78 of the Complaint as if fully set forth herein.

80. The Defendants are without sufficient information to either admit or deny the allegations in Paragraph 80.

81. Denied.

82. Denied.

83. Denied.

84. The document attached as Exhibit 8 to the Complaint, as referenced in Paragraph 84 of the Complaint, speaks for itself.

85. The document attached as Exhibit 10 to the Complaint, as referenced in Paragraph 85 of the Complaint, speaks for itself.

86. The document attached as Exhibit 11 to the Complaint, as referenced in Paragraph 86 of the Complaint, speaks for itself.

87. The document attached as Exhibit 12 to the Complaint, as referenced in Paragraph 86 of the Complaint, speaks for itself.

88. The statement contained in Paragraph 88 is a statement of law to which no response is required.

89. The statement contained in Paragraph 89 is a statement of law to which no response is required.

90. Denied.

91. Denied.

92. The statement contained in Paragraph 92 purports to be a statement of law to which no response is required.

93. Denied.

The Defendants further deny that the Plaintiff is entitled to the relief requested.

## COUNT XI

## (DECLARATORY JUDGMENT)

94. The Defendants repeat their responses to the allegations contained in Paragraphs 1 through 93 of the Complaint as if fully set forth herein.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

The Defendants further deny that the Plaintiff is entitled to the relief requested.

## COUNT X [SIC]

### (INFLICTION OF EMOTIONAL DISTRESS – WILLIAM SCANLON)

99. The Defendants repeat their responses to the allegations contained in Paragraphs 1 through 98 of the Complaint as if fully set forth herein.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

The Defendants further deny that the Plaintiff is entitled to the relief requested.

## COUNT XI [SIC]

### (LOSS OF CONSORTIUM – WILLIAM SCANLON)

104. The Defendants repeat their responses to the allegations contained in Paragraphs 1 through 103 of the Complaint as if fully set forth herein.

105. Denied.

The Defendants further deny that the Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted against the Defendants because it does not allege a valid basis for recovery against the Defendants under the facts of this case.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendants because the Plaintiffs have failed to exhaust their administrative remedies.

## THIRD DEFENSE

At the time alleged in the Complaint, the Defendants were engaged as a public instrumentality and therefore the Plaintiffs' recovery is barred or limited in accordance with G.L. c. 258 and the doctrine of sovereign immunity.

## FOURTH DEFENSE

The Defendants say that this action consists of a claim based upon the performance or failure to perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his or her office or employment, and, therefore, the Plaintiffs cannot recover in this action.

## FIFTH DEFENSE

The Plaintiffs have an adequate remedy at state law for the actions complained of in this Complaint, and therefore, any due process claims are barred as a matter of law.

## SIXTH DEFENSE

The Plaintiffs have not been deprived of a constitutionally-protected liberty or property interest sufficient to state a claim for a due process violation.

### SEVENTH DEFENSE

The Plaintiffs have failed to comply with the statutory prerequisites to suit set forth in G.L. c. 258.

### EIGHTH DEFENSE

Plaintiff has failed to state a cognizable claim for punitive damages.

### NINTH DEFENSE

The Defendants say that all or substantially all of the claims made by the Plaintiffs against the Defendants are wholly insubstantial, frivolous and not advanced in good faith and, as a result, the Defendants are entitled to reasonable counsel fees as well as other costs and expenses incurred in defending against such claims pursuant to G.L. c.231, §6F.

### TENTH DEFENSE

The Complaint does not contain sufficient facts to support a permanent injunction or an action for declaratory judgment or mandamus, and the Plaintiff is not entitled to such relief.

### ELEVENTH DEFENSE

Plaintiff's remedies under G.L. c. 151B are exclusive and the Plaintiff is not entitled to relief under any other statue.

### TWELVETH DEFENSE

The Complaint does not contain sufficient facts to support a claim against the Defendants in their individual capacities.

### THIRTEENTH DEFENSE

The Complaint is barred for failure to comply with the applicable statute of limitations.

WHEREFORE, the Defendants demand that the Plaintiffs' complaint be dismissed, that judgment be entered in favor of the Defendants, and that the Defendants be awarded their costs and reasonable attorneys' fees.

DEFENDANTS,
CITY OF BEVERLY and WILLIAM F. SCANLON, JR.,

By their attorneys,

*/s/ David C. Jenkins*
David C. Jenkins (BBO# 251000)
Elizabeth R. Corbo (BBO# 640131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116

Dated: June 30, 2005

254561/METG/0580