UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11323MLW

CRYSTAL A. ATHERTON and ROBERT W. ATHERTON,

    Plaintiffs

v.

CITY OF BEVERLY, WILLIAM F. SCANLON, in his official and individual capacity, and JOHN DUNN, in his official and individual capacity,

    Defendants

ANSWER OF DEFENDANT, JOHN DUNN.

**PARTIES**

1.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of the Complaint.

2.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of the Complaint.

3.     Admitted.

4.     Admitted only as to official capacity.

5.     Admitted only as to official capacity.

**GENERAL FACTS**

6.     The first sentence is denied. The second sentence is admitted.

7.     Denied as to allegation that Plaintiff had a "seventeen year tenure." The remainder is admitted.

8.  Denied as to the term assigned. The remainder of the Paragraph is admitted.

9.  The document attached as Exhibit 1 to the Complaint, as referenced in Paragraph 9 of the Complaint, speaks for itself.

10. The document attached as Exhibit 2 to the Complaint, as referenced in Paragraph 10 of the Complaint, speaks for itself.

11. The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. The document attached as Exhibit 3 to the Complaint, as referenced in Paragraph 12 of the Complaint, speaks for itself.

13. The document attached as Exhibit 3 to the Complaint, as referenced in Paragraph 12 of the Complaint, speaks for itself.

14. The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 of the Complaint. The Defendant further state that the document attached as Exhibit 4 to the Complaint, as referenced in Paragraph 14 of the Complaint, speaks for itself.

15. The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of the Complaint. The Defendant further state that the document attached as Exhibit 5 to the Complaint, as referenced in Paragraph 15 of the Complaint, speaks for itself.

16. The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 16 of the Complaint.

17. The document attached as Exhibit 6 to the Complaint, as referenced in Paragraph 17 of the Complaint, speaks for itself. The Defendant admits that the January 2, 2004 was the plaintiff's last regular paycheck.

18. The Defendant admits that the Plaintiff filed for retirement in or around September 2004. The Defendant further states that he is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 18 of the Complaint.

19. Denied.

20. The Defendant is without sufficient information to either admit or deny the allegations in Paragraph 20.

21. The Defendant is without sufficient information to either admit or deny the allegations in Paragraph 21.

22. Denied.

23. The Defendant is without sufficient information to either admit or deny the allegations.

24. The Defendant is without sufficient information to either admit or deny the allegations.

25. The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 25 of the Complaint.

26. The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 26 of the Complaint.

27. The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 27 of the Complaint.

28. The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 28 of the Complaint.

29. The document attached as Exhibit 5 to the Complaint, as referenced in Paragraph 29 of the Complaint, speaks for itself.

30. The document attached as Exhibit 5 to the Complaint, as referenced in Paragraph 30 of the Complaint, speaks for itself.

31. The document attached as Exhibit 5 to the Complaint, as referenced in Paragraph 31 of the Complaint, speaks for itself.

32. The document attached as Exhibit 7 to the Complaint, as referenced in Paragraph 32 of the Complaint, speaks for itself.

33. The document attached as Exhibit 7 to the Complaint, as referenced in Paragraph 33 of the Complaint, speaks for itself.

34. Denied.

35. Admitted.

36. The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 36 of the Complaint.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied. The Defendant denies that the Plaintiff is entitled to injunctive relief.

## COUNT I

### (CIVIL RIGHTS VIOLATIONS – CITY OF BEVERLY AND WILLIAM SCANLON)

47. The Defendant repeats his responses to the allegations contained in Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. Denied.

The Defendant further denies that the Plaintiff is entitled to the relief requested.

## COUNT II

### (CIVIL RIGHTS VIOLATIONS – CITY OF BEVERLY AND WILLIAM SCANLON)

49. The Defendant repeats his responses to the allegations contained in Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. Denied.

The Defendant further denies that the Plaintiff is entitled to the relief requested.

## COUNT III

### (CIVIL RIGHTS VIOLATIONS – CITY OF BEVERLY AND WILLIAM SCANLON)

51. The Defendant repeats his responses to the allegations contained in Paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. Denied.

The Defendant further denies that the Plaintiff is entitled to the relief requested.

## COUNT IV

### (CIVIL RIGHTS VIOLATIONS – CITY OF BEVERLY AND WILLIAM SCANLON)

53. The Defendant repeats his responses to the allegations contained in Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. Denied.

The Defendant further denies that the Plaintiff is entitled to the relief requested.

## COUNT V

### (CIVIL RIGHTS VIOLATIONS – CITY OF BEVERLY AND WILLIAM SCANLON)

55. The Defendant repeats his responses to the allegations contained in Paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

The Defendant further denies that the Plaintiff is entitled to the relief requested.

## COUNT VI

### (CIVIL RIGHTS VIOLATIONS – CITY OF BEVERLY AND WILLIAM SCANLON)

59. The Defendant repeats his responses to the allegations contained in Paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. Denied.

61. Denied.

The Defendant further denies that the Plaintiff is entitled to the relief requested.

## COUNT VII

### (Mass. G.L. c.151B – CIVIL RIGHTS VIOLATIONS

### CITY OF BEVERLY AND WILLIAM SCANLON

### UNLAWFUL DISCRIMINATION ON THE BASIS OF AGE AND GENDER)

62. The Defendant repeats his responses to the allegations contained in Paragraphs 1 through 63 of the Complaint as if fully set forth herein.

63. Admitted.

64. Admitted.

65. The document attached as Exhibit 9 to the Complaint, as referenced in Paragraph 65 of the Complaint, speaks for itself.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

The Defendant further denies that the Plaintiff is entitled to the relief requested.

## COUNT VIII

### (Mass. G.L. c.151B – CIVIL RIGHTS VIOLATIONS

### CITY OF BEVERLY AND WILLIAM SCANLON

### UNLAWFUL DISCRIMINATION ON THE BASIS OF AGE AND GENDER)

71. The Defendant repeats his responses to the allegations contained in Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

7

72. The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 72 of the Complaint.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

The Defendant further denies that the Plaintiff is entitled to the relief requested.

## COUNT IX

### (Mass. G.L. c.249, §5 – ACTION IN THE NATURE OF MANDAMUS AGAINST ALL NAMED DEFENDANTS)

77. The Defendant repeats his responses to the allegations contained in Paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78. Denied.

The Defendant further denies that the Plaintiff is entitled to the relief requested.

## COUNT X

### (VIOLATION OF THE WAGE ACT, G.L. c.149, §148 AGAINST ALL NAMED DEFENDANTS)

79. The Defendant repeats his responses to the allegations contained in Paragraphs 1 through 78 of the Complaint as if fully set forth herein.

80. The Defendant admits that the Plaintiff accrued sick time at the rate of 1.25 days per month. The remainder of the Paragraph is denied.

81. Denied.

82. Denied.

83. Denied.

84. The document attached as Exhibit 8 to the Complaint, as referenced in Paragraph 84 of the Complaint, speaks for itself.

85. The document attached as Exhibit 10 to the Complaint, as referenced in Paragraph 85 of the Complaint, speaks for itself.

86. The document attached as Exhibit 11 to the Complaint, as referenced in Paragraph 86 of the Complaint, speaks for itself.

87. The document attached as Exhibit 12 to the Complaint, as referenced in Paragraph 86 of the Complaint, speaks for itself.

88. The statement contained in Paragraph 88 is a statement of law to which no response is required.

89. The statement contained in Paragraph 89 is a statement of law to which no response is required.

90. Denied.

91. Denied.

92. The statement contained in Paragraph 92 purports to be a statement of law to which no response is required.

93. Denied.

The Defendant further denies that the Plaintiff is entitled to the relief requested.

## COUNT XI

### (DECLARATORY JUDGMENT)

94. The Defendant repeats his responses to the allegations contained in Paragraphs 1 through 93 of the Complaint as if fully set forth herein.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

The Defendant further denies that the Plaintiff is entitled to the relief requested.

## COUNT X [SIC]

### (INFLICTION OF EMOTIONAL DISTRESS – WILLIAM SCANLON)

99. The Defendant repeats his responses to the allegations contained in Paragraphs 1 through 98 of the Complaint as if fully set forth herein.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

The Defendant further denies that the Plaintiff is entitled to the relief requested.

## COUNT XI [SIC]

## (LOSS OF CONSORTIUM – WILLIAM SCANLON)

104.   The Defendant repeats his responses to the allegations contained in Paragraphs 1 through 103 of the Complaint as if fully set forth herein.

105.   Denied.

The Defendant further denies that the Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted against the Defendants because it does not allege a valid basis for recovery against the Defendants under the facts of this case.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendants because the Plaintiffs have failed to exhaust their administrative remedies.

### THIRD DEFENSE

At the time alleged in the Complaint, the Defendants were engaged as a public instrumentality and therefore the Plaintiffs' recovery is barred or limited in accordance with G.L. c. 258 and the doctrine of sovereign immunity.

## FOURTH DEFENSE

The Defendants say that this action consists of a claim based upon the performance or failure to perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his or her office or employment, and, therefore, the Plaintiffs cannot recover in this action.

## FIFTH DEFENSE

The Plaintiffs have an adequate remedy at state law for the actions complained of in this Complaint, and therefore, any due process claims are barred as a matter of law.

## SIXTH DEFENSE

The Plaintiffs have not been deprived of a constitutionally-protected liberty or property interest sufficient to state a claim for a due process violation.

## SEVENTH DEFENSE

The Plaintiffs have failed to comply with the statutory prerequisites to suit set forth in G.L. c. 258.

## EIGHTH DEFENSE

Plaintiff has failed to state a cognizable claim for punitive damages.

## NINTH DEFENSE

The Defendants say that all or substantially all of the claims made by the Plaintiffs against the Defendants are wholly insubstantial, frivolous and not advanced in good faith and, as a result, the Defendants are entitled to reasonable counsel fees as well as other costs and expenses incurred in defending against such claims pursuant to G.L. c.231, §6F.

## TENTH DEFENSE

The Complaint does not contain sufficient facts to support a permanent injunction or an action for declaratory judgment or mandamus, and the Plaintiff is not entitled to such relief.

## ELEVENTH DEFENSE

Plaintiff's remedies under G.L. c. 151B are exclusive and the Plaintiff is not entitled to relief under any other statue.

## TWELVETH DEFENSE

The Complaint does not contain sufficient facts to support a claim against the Defendants in their individual capacities.

## THIRTEENTH DEFENSE

The Complaint is barred for failure to comply with the applicable statute of limitations.

WHEREFORE, the Defendant demands that the Plaintiffs' complaint be dismissed, that judgment be entered in favor of the Defendant, and that the Defendant be awarded his costs and reasonable attorneys' fees.

DEFENDANT,
JOHN DUNN,

By his attorneys,

_____
David C. Jenkins (BBO# 251000)
Elizabeth R. Corbo (BBO# 640131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116

Dated: June 30, 2005
255106/METG/0580

## CERTIFICATE OF SERVICE

I, Elizabeth R. Corbo, hereby certify that on the date set forth below, I served Plaintiff's counsel of record with all documents enclosed with this filing in the matter of <u>Crystal Atherton and Robert Atherton</u> v. <u>City of Beverly, et al.</u>, United States District Court, District of Massachusetts, C.A. 05-11323MLW, by first-class mail, postage prepaid, to the following counsel of record:

> Jordan Shapiro, Esq.
> Shapiro & Hender
> P.O. Box 392
> Malden, MA 02148

Dated: 6/30/05

Elizabeth R. Corbo

255195/60700/0580