```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| CRYSTAL A. ATHERTON<br>and ROBERT W. ATHERTON,<br><br>        Plaintiffs,<br><br>   v.<br><br>CITY OF BEVERLY, WILLIAM F.<br>SCANLON, JR., in his<br>official and individual<br>capacity, and JOHN DUNN, in<br>his official and individual<br>capacity,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No.05-11323-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

                               ORDER

WOLF, D.J.                                        January 29, 2007

    For the reasons stated in court on January 25, 2007, it is hereby ORDERED that:

    1. The Defendants' Motion for Judgment on the Pleadings (Docket No. 8) is ALLOWED as to Counts IX, XI; as to the substantive due process component of Count I; as to the claims of a federal civil rights conspiracy under 42 U.S.C. §§1985 and 1986 in Counts V and VI; and as to Count XII and XII against William F. Scanlon in his official capacity, see M.G.L. c.258, §10(c). In addition, all counts against John Dunn in his individual capacity are dismissed based on qualified immunity. The motion is otherwise DENIED.

    2. The parties shall comply with the attached Scheduling Order.

```
                                        /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE
```

```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

CRYSTAL ATHERTON et al
            Plaintiff(s)

       v.                          CIVIL ACTION
                                   NO.  05-11323-MLW

CITY OF BEVERLY et al
            Defendant(s)


                           SCHEDULING ORDER

WOLF, D.J.


     This case is governed procedurally by the 1992 Amendments to the Local Rules of the United States District Court for the District of Massachusetts (the "Local Rules"), which implement the District's Civil Justice Expense and Delay Reduction Plan. Counsel must, therefore, comply with the relevant Local Rules in the litigation of this case.

     It is hereby ORDERED pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16(f) that:

[X] 1.   The parties shall by FEBRUARY 9, 2007  make the automatic document disclosure required by Local Rule 26.2(A) and, if applicable, disclose the information required by Local Rule 35.1

[X] 2.   The parties shall by FEBRUARY 9, 2007  make the disclosure authorized by Local Rule 26.1(B)(1) and (2).

[X] 3.   Counsel for the parties shall meet at least once to explore the possibility of settlement and report to the court by MARCH 1, 2007  the status and prospects for settlement.

     If the case is not settled, a settlement conference, which must be attended by trial counsel with their clients, shall be held on MARCH 14, 2007, at 4:00 p.m.

[X] 4.   Plaintiff(s) and/or Counterclaim or Third Party Plaintiff(s) shall by JUNE 22, 2007  designate experts and disclose the information described in Fed. R. Civ. P. 26(a)(2), concerning each expert.  Each other party shall by JULY 31, 2007 designate

expert(s) and disclose the information described in Fed. R. Civ. P. 26(a)(2).

[X]  5.  All discovery shall be complete by NOVEMBER 30, 2007.

[X]  6.  Counsel for the parties shall confer and, by DECEMBER 14, 2007, file a report as to the prospects for settlement and whether either party feels there is a proper basis for filing a motion for summary judgment.

[X]  7.  A scheduling conference will be held on DECEMBER 20, 2007 at 4:00 p.m. and must be attended by trial counsel with full settlement authority or with their client(s). If appropriate, a schedule for filing motions for summary judgment will be established at this conference.

[X]  8.  A final pretrial conference will be held on JANUARY 17, 2008 at 4:00 p.m. and must be attended by trial counsel with full settlement authority or with their client. Counsel shall be prepared to commence trial as of the date of the final pretrial conference.

[X]  9.  Trial shall commence on JANUARY 28, 2008 .

    All provisions and deadlines contained in this Order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge, if referred for case management proceedings. Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record. The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery.
    Counsel are encouraged to seek an early resolution of this matter. Additional case management conferences may be scheduled by the Court or upon the request of counsel.

                                      By the Court,
                                      DENNIS P. O'LEARY


January 26, 2007                    /s/ Dennis O'Leary
Date                                    Deputy Clerk